**IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

UNITED STATES OF AMERICA

v.

YAROSLAV VISHNEVSKI

4:24-cr-40027

Honorable J. Phil Gilbert,
District Judge, Presiding

Magistrate Reona J. Daly,
Assigned

**DEFENDANT'S AMENDED MOTION TO SUPPRESS EVIDENCE SEIZED AT
14 & 16 EAST LOGAN IN HARRISBURG, ILLINOIS**

Defendant YAROSLAV VISHNEVSKI by his attorneys, Stephen L. Richards and Joshua S. M. Richards, files the following amended motion to suppress evidence seized from his residence at 14 & 16 East Logan in Harrisburg, Illinois. Defendant incorporates by reference the prior motions filed on December 18, 2024 by prior counsel. (Dkt No. 45).

In support thereof, defendant states as follows:

1. Yaroslav Vishnevski was arrested on May 3, 2024, after the execution of an anticipatory search warrant at his residences at 14 & 16 East Logan in Harrisburg, Illinois.

2. Based on items of evidence seized at 14 & 16 East Logan in Harrisburg, Illinois, und the anticipatory search warrant, Yaroslav Vishnevski was eventually charged by indictment with three counts of receipt or possession of an unregistered firearm, one counts of manufacturing of a weapon without paying special occupancy tax, and one count of illegal importation of a firearm.

1

3. The ensuring search pursuant to the anticipatory warrant included the residences at 14 and 16 East Logan, as well as a neighboring camper.

4. The searches of these properties were illegal and all of this evidence must be suppressed.

*Standing*

5. Yaroslav Vishnevski has standing to challenge the search of all three properties.

6. To challenge a search or seizure as violative of the Fourth Amendment, a defendant must show that he or she has a legitimate expectation of privacy in the property searched or seized. *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980).

7. To establish a reasonable expectation of privacy, several factors are considered: (1) whether the defendant has a possessory interest in the place searched; (2) whether he has a right to exclude others therefrom; (3) whether he has exhibited a subjective expectation that the place remain free from governmental invasion; (4) whether normal precautions were taken to protect his privacy; and (5) whether he was legitimately on the premises. *United States v. Peters*, 791 F.2d 1270, 1280 (7th Cir.) *cert. denied*, 479 U.S. 847 (1986).

8. In this case, Yaroslav Vishnevski had a possessory interest in all properties searched, had the right to exclude others from the properties, had a subjective expectation that the properties would remain free from governmental invasion, took normal precautions to protect his privacy, such as door locks, and was legitimately on the premises .

*Probable Cause*

9. It is well settled, of course, that a warrant to search property must be based upon probable cause.

10. Before issuing a search warrant, an issuing officer must determine whether probable cause exists for doing so. *United States v. Walker*, 237 F.3d 845, 850 (7th Cir.2001). "In determining whether probable cause exists, an official must consider the totality of circumstances." *United States v. Brack*, 188 F.3d 748, 755 (7th Cir.1999) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Probable cause sufficient to support a warrant exists where "the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696 (1996).

11. Anticipatory search warrants are peculiar to property in transit. Such warrants are issued in advance of the receipt of particular "property" (usually contraband) at the premises designated in the warrant based on probable cause that the property will be located there at the time of the search. See *United States v. Gendron*, 18 F.3d 955, 964 (1st Cir.), *cert. denied*, 513 U.S. 1051 (1994).

12. In the Seventh Circuit, probable cause for an anticipatory search warrant includes probable cause to believe that contraband is on a "sure course," to the place to be searched. *United States v. Elst*, 579 F.3d 740, 745 (7th Cir. 2009).

13. The purpose of the "sure course" requirement is to prevent law enforcement authorities or third parties from delivering or causing to be delivered contraband to a residence to "create probable cause to search the premises where it otherwise would not exist." *United States v. Brack*, 188 F.3d 748, 757 (7th Cir.1999).

14. Probable cause may cease to exist after a warrant is issued. The police may learn, for instance, that contraband is no longer located at the place to be searched. See, e.g., *United States v. Bowling*, 900 F.2d 926, 932 (C.A.6 1990) (recognizing that a fruitless

consent search could "dissipat[e] the probable cause that justified a warrant"). Or the probable-cause showing may have grown "stale" in view of the time that has passed since the warrant was issued. See *United States v. Wagner*, 989 F.2d 69, 75 (C.A.2 1993) ("[T]he facts in an affidavit supporting a search warrant must be sufficiently close in time to the issuance of the warrant and the subsequent search conducted so that probable cause can be said to exist as of the time of the search and not simply as of some time in the past"); see also *Sgro v. United States*, 287 U.S. 206, 210–211 (1932).

15. Federal Rule of Criminal Procedure 41(e)(2)(A) in fact requires that an issued warrant command the executing officer to "execute the warrant within a specified time no longer than 10 days."

16. The probable cause for this search warrant was described in the affidavit for the search warrant as follows:

    (a) Local law enforcement was contacted by Homeland Security about a suspicious package being sent from China to Defendant;

    (b) The U.S. Customs and Border Patrol inspected the contents of the package and discovered it contained two black metal firearm suppressors.

    (c) The package was described as a U.S. Postal Priority Mail package S9S6402200002, USPS Tracking# EVS 9205 S903 5026 571118S9 5094 12

    (d) The package was addressed to Defendant Yaroslav Vishnevski, 14 E Logan Street, Harrisburg, Illinois 62946;

    (e) The package was addressed from YBD Lane 628 Meibei Road Wangdian Town Jiaxing, China;

    (f) From January 1, 2021 through May 1, 2024 30 shipments from China had been

     made to Defendant.

17. Before the package was delivered, Yaroslav Vishnevski cancelled the order for the shipment, but it was delivered nonetheless.

18. At the point at which Yaroslav Vishnevski cancelled the order, probable cause had dissipated because the contraband was no longer on a "sure course" to Yaroslav Vishnevski's residence.

19. At that point, delivery of the contraband was under control of the government which was, in effect, delivering the contraband to itself.

20. At the point when Yaroslav Vishnevski cancelled the search, probable cause no longer existed to believe that Yaroslav Vishnvski would be in knowing possession of the silencers, even if the silencers were delivered, and any probable cause for the warrant had dissipated.

21. Therefore, the execution of the warrant was illegal and all evidence seized under the anticipatory warrant must be suppressed.

*Scope of the Search*

22. This case illustrates a particular problem with the scope of an anticipatory warrant-- that without some limit on the scope of the warrant, they are subject to government manipulation and can be converted – as in this case – to the detested "general warrants" which the fourth amendment was designed to forbid.

23. As one concurring judge on the Seventh Circuit has observed:

"The problem of government manipulation is unique to anticipatory warrants, because in the normal situation a warrant will issue only if there is probable cause to believe that contraband is already at the place to be named in the warrant. When the contraband is admittedly not at the place named in the warrant, it should not be enough for the government itself (or its agent) to transport it to that place and then execute a search. This tactic would effectively transform the anticipatory warrant into an unconstitutional

5

general warrant. See generally James A. Adams, Anticipatory Search Warrants: Constitutionality, Requirements, and Scope, 79 Ky. L.J. 681 (1991) (outlining the requirements that anticipatory search warrants should have in order to remain constitutional). Even though I am confident that the government would not normally target an anticipatory warrant toward a home they wished to search for other reasons, the purpose of the warrant requirement is to ensure that the rare cases of abuse do not occur. I would therefore require, as part of the probable cause showing for an anticipatory warrant, a showing of some pre-existing nexus between the contraband and the place to be searched that is not wholly within the government's control."

*United States v. Leidner*, 99 F.3d 1423, 1431 (7th Cir. 1996)(Wood, J., concurring in

the judgment).

24. This case demonstrates, in spades, and for the following reasons, the problem of

anticipatory warrants morphing into general warrants.

25. First, the scope of the warrant was not limited to the two silencers which it was

anticipated would be seized.

26. Instead, the warrant included not only the "firearm suppressor and packaging," but

also:

"2. Weapons of any form;
3. Firearm Parts and Accessories;
4. Catalogues, magazines, brochures, books, manuals, and evidence of
ordering the same, relating to equipment or materials used in the purchase
of the Firearm Suppressor;
5. Digital and cellular phones, Personal Digital Assistant or other hand-held
devices capable of transmitting or receiving electronic messages, and the
electronic messages contained therein;
6. Computers, including any peripheral devices connected thereto, as well
as any and all hard disks, floppy disks, computer tapes, CD-ROM's, any
and all information and data stored in the form of magnetic or electronic
coding on computer media or on media capable of being read by a
computer or with the aid of computer related equipment;
7. Records, ledgers, receipts and other papers relating to transporting,
purchasing, distributing or possessing firearm suppressors;
8. Lock Boxes and/or Safes and their contents;
9. lndicia of occupancy, residency, use and/or ownership of the premises to

be searched including, but not limited to, utility bills, telephone bills, canceled envelopes, keys, lease agreements, deeds; and

10. Photographs and/or video recordings of suppliers, transporters, customers, coconspirators or others involved in Compiled Statutes and Unlawful Use of Weapons; all of which are either contraband, or which constitute evidence of the commission of or constitute fruits of or which property has been used as the means of committing violations of Illinois Compiled Statutes and Unlawful Use of Weapons, any and all other documents, instrumentalities, video recordings, audio recordings, or substances which constitute evidence of the commission of or constitute fruits of or which property has been used as the mean of committing violations of the Illinois Compiled Statutes."

27. The execution of the warrant, which included two additional contraband weapons, not to mention other items, went far beyond the scope of the anticipatory warrant and was therefore illegal.

28. The second reason for regarding the warrant and ensuing search as illegal is evidence, which will be adduced at the evidentiary hearing, that the anticipatory search warrant was issued as a pretext for a general search motivated by other reasons.

29. This evidence may include the following:

   (a) Law enforcement was surveilling Yaroslav Vishnevski before the warrant was issued,

   (b) Surveillance cameras were installed on the property of neighbor, upon information and belief by the government, to surveil Yaroslav Vishnevski,

   (c) Noah Lambert, a private citizen, acted as an undisclosed law enforcement agent,

   (d) In 2023, for unknown reasons, Yaroslav Vishnevski's bank account at Banterra Bank was closed,

   (e) The warrant included authority to search for evidence of "distribution," despite no evidence that the two silencers were part of some plan to distribute,

(f) During a traffic stop of Yaroslav Vishnevski, a legally carried firearm was seized as evidence,

(g) a resident heard from a dispatcher that the SWAT call was for "terrorism" dur to buying a "ton of guns online,"

(h) the DOJ press release on the case stated that the purpose of the raid was to enhance "efforts to combat unlawful gun trafficking," and "curbing gun violence," by "taking guns off the streets."

WHEREFORE, Yaroslav Vishnevski seeks an order of court suppressing all seized items and ordering an evidentiary hearing on suppression.

Respectfully submitted,

/s/ Stephen L. Richards

Stephen L. Richards
53 West Jackson Suite 756
Chicago, IL 60604
773-817-6927
Sricha5461@aol.com

**CERTIFICATE OF SERVICE**

The undersigned, Stephen L. Richards hereby certifies that the following document:

**DEFENDANT'S AMENDED MOTION TO SUPPRESS EVIDENCE SEIZED AT 14 & 16 EAST LOGAN IN HARRISBURG, ILLINOIS**

was served on June 12, 2025 in accordance with Fed. R. Civ. P. 5, LR 5.5, and the General

Order on Electronic Case Filing (ECF), pursuant to the district court's ECF

system as to ECF filers, and was sent by first-class mail or by hand delivery to non-ECF

filers, if any.


By:              /s/ Stephen L. Richards


                 Stephen L. Richards